IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THELMA DENISE MEYERS,           )
                                )
                Plaintiff,      )
                                )
        v.                      )
                                ) Civil Action No. 09-773
MICHAEL J. ASTRUE,              )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
                Defendant.      )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 17th day of May, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her application for SSI on October 19, 2006, alleging disability due to a herniated disc, obesity, depression and acid reflux. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on May 12, 2008, at which plaintiff appeared represented by counsel. On September 16, 2008, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on April 23, 2009, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 43 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education. Although plaintiff has past relevant work experience as a home health care assistant and a receptionist, she has not engaged in substantial gainful activity at any time since she filed her application.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine, bronchial asthma, obesity and a mood disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of other limitations. Plaintiff is limited to occasional stooping, crouching and balancing, and no kneeling, climbing or crawling. In addition, she must alternate sitting and standing every thirty minutes. Further, plaintiff must avoid walking on uneven surfaces, as well as exposure to unprotected heights, dangerous moving machinery, fumes, dust, allergens and excessive vibration. Plaintiff is limited to entry-level, unskilled, routine and repetitive tasks that involve dealing with things rather than people. Finally, plaintiff should have only limited contact with the public (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational

AO 72
(Rev. 8/82)

adjustment to other work that exists in significant numbers in the national economy, such as a garment sorter or a price marker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If

the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. As stated above, at step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ considers the claimant's ability to meet the physical, mental and other sensory requirements of work. 20 C.F.R. §416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) she did not give appropriate weight to the opinions of plaintiff's treatment providers; (2) she did not properly evaluate plaintiff's subjective complaints regarding her limitations; and (3) her hypothetical question to the vocational expert did not account for all of plaintiff's limitations. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first contends that the ALJ erred by giving inadequate weight to the respective opinion of Dr. Marybeth Krafty, Dr. Aster Assefa and mental health counselor Jacqueline Sikora. Plaintiff is incorrect.

Dr. Krafty was plaintiff's treating physician. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §416.927(d)(2). Under this standard, Dr. Krafty's opinion was not entitled to controlling weight.

Dr. Krafty completed a form entitled "Medical Questionnaire to Determine Physical Capacities" on which she rated plaintiff as being significantly limited in her ability to perform virtually all physical functions, including standing, walking and sitting as well as other postural maneuvers. (R. 170-71). Most significantly, Dr. Krafty checked a box to indicate that plaintiff requires complete freedom to rest frequently throughout the day. (R. 172). Despite Dr. Krafty's opinion that plaintiff was so limited, diagnostic studies of plaintiff's lumbar spine showed degenerative disc disease, but did not contain findings that substantiate the significant limitations identified by Dr. Krafty. (R. 168, 274). In addition, Dr. Krafty's opinion of plaintiff's significant limitations is further contradicted by her own treatment notes, which show that plaintiff saw Dr. Krafty on only three occasions between May 2007 and March 2008, simply to obtain medication refills. (R. 258-60).

Plaintiff next contends that the ALJ did not give proper weight to the opinion of Dr. Assefa, who performed a physical consultative examination of her. As the ALJ correctly noted, Dr.

AO 72
(Rev. 8/82)

Assefa's clinical findings from his physical examination of plaintiff were relatively normal, (R. 189-91), yet he completed a form indicating that she was extremely limited in her ability to stand, walk and sit. (R. 193). For example, Dr. Assefa stated in his narrative report that plaintiff's gait and station were normal, she was able to heel and toe walk within normal limits, and her ability to sit was within normal limits. (R. 191). Despite these examination findings, Dr. Assefa indicated on the form report that plaintiff could stand and walk only one hour or less in an eight-hour workday and sit less than six hours. (R. 193). Given the inconsistency between Dr. Assefa's examination findings and his assessment of plaintiff's capabilities on the form report, the ALJ properly determined his opinion of extreme work-related limitations was not entitled to any weight. (R. 18).

Plaintiff's contention that the ALJ did not give appropriate weight to the opinion of Ms. Sikora, a mental health counselor, likewise lacks merit. The ALJ must consider all relevant evidence from "acceptable medical sources," which include licensed physicians, psychologists, optometrists and podiatrists, as well as qualified speech pathologists. 20 C.F.R. § 416.913(a). The ALJ also may consider other opinions about a claimant's disability from persons who are not deemed an "acceptable medical source," such as a counselor like Ms. Sikora. 20 C.F.R. §416.913(d)(1). Nevertheless, a mental health counselor's opinion is not entitled to controlling weight. See Hartranft v. Apfel, 181 F.3d 358, 361 (3d Cir. 1999).

Although the ALJ was not obliged to afford controlling weight to Ms. Sikora's opinion, she nevertheless considered Ms. Sikora's assessment of plaintiff's capabilities set forth on the "Mental Impairment Questionnaire" form report and the "Assessment of Ability to Do Work-Related Mental Activities" form report, but determined those assessments were not persuasive. (R. 19). As the ALJ noted, Ms. Sikora's assessment of plaintiff's capability was inconsistent. On one form report, Ms. Sikora found that plaintiff had some capacity to perform basic work activities (R. 243-44), but concluded on the other form report that plaintiff had marked limitations in activities of daily living and social functioning and frequent limitations in concentration, persistence and pace. (R. 248). In addition, despite concluding on the one hand that plaintiff had marked limitations in these functional areas, Ms. Sikora rated plaintiff's GAF score at 60 (R. 247), which denotes only mild to moderate limitations.

Ms. Sikora's opinions set forth on the form reports also are inconsistent with Dr. Lanny Detore's psychological evaluation of plaintiff. Dr. Detore found that plaintiff had average intelligence, adequate memory, intact abstract thinking, fair insight, intact judgment, and no problems with impulsivity. (R. 186-87). In all, Dr. Detore determined plaintiff's prognosis was fair to good. (R. 187). For this reason, as well as those discussed above, the ALJ properly considered and weighed the opinion of Ms. Sikora, as well as those of Dr. Krafty and Dr. Assefa.

Plaintiff next claims that the ALJ erred in evaluating her subjective complaints regarding her limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); Hartranft, 181 F.3d at 362. An ALJ may reject the claimant's subjective testimony if she does not find it credible so long as she explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints, and she explained why she found plaintiff's testimony not entirely credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of her treatment, plaintiff's own statements about her symptoms and statements by her physicians about her symptoms and how they affect her. See 20 C.F.R. §416.929(c)(1); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 17).

This court finds that the ALJ adequately explained the basis for her credibility determination in her decision, (R. 16-19), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert did not account for all of the limitations caused by her impairments. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work that exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                       */s/ Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Gregory T. Kunkel, Esq.
    Kunkel & Fink, LLP
    Brentwood Professional Bldg.
    4411 Stilley Road, Suite 206
    Pittsburgh, PA 15227

    Lee Karl
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219